**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50447 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-03879-BEN-1 |
| v. | |
| RICARDO ALVAREZ-CORDOVA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted December 8, 2010
Pasadena, California

Before: PREGERSON, CLIFTON, and M. SMITH, Circuit Judges.

Ricardo Alvarez-Cordova appeals his forty-six-month sentence following his

conviction for illegal entry by a removed alien in violation of 8 U.S.C. § 1326.

Because the parties are familiar with the factual and procedural history of this case,

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

we do not recount additional facts except as necessary to explain the decision. We affirm.

In *United States v. Castro*, we held that a conviction under California Penal Code § 288(c)(1) does not categorically constitute "sexual abuse of a minor" under either of two generic definitions. 607 F.3d 566, 570 (9th Cir. 2010). In determining whether a statute of conviction constitutes "sexual abuse of a minor" and is therefore a crime of violence under the Sentencing Guidelines or an aggravated felony under 8 U.S.C. § 1101(a)(43), the analysis is the same. *See Valencia-Barragan*, 608 F.3d at 1107 n.1. We previously concluded that § 288(c)(1) is categorically broader than the generic definition set out in *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc), because a "lewd or lascivious act" is broader than a "sexual act." *Castro*, 607 F.3d at 570. Thus, the only question before us is whether Alvarez-Cordova's conviction qualifies as "sexual abuse of a minor" using the modified categorical approach. *See Shepard v. United States*, 544 U.S. 13, 20-21 (2005).

Under the generic definition set out in *Estrada-Espinoza*, and derived from 18 U.S.C. § 2243, "sexual abuse of a minor" contains four elements: "(1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12

2

and 16; and (4) an age difference of at least four years between the defendant and the minor." 546 F.3d at 1152. Alvarez-Cordova's plea agreement states, in part:

> I willfully and unlawfully committed a lewd and lascivious act upon the body of my neice [sic], Jane Doe, age 15 who was 10 years younger than me and I did so with the intent of arousing [and] gratifying the lust [and] sexual desires of myself. I also on [and] between Jan 31, 2006 and July 31st, 2006 forcibly tried to [and] did in fact touch the vagina of Jane Doe/age 15, with sexual intent [and] was 10 years older than Jane Doe.

**ER 31.** *See Shepard*, 544 U.S. at 26 (limiting a court's examination of records for purposes of the modified categorical approach to, among other items, "the terms of a plea agreement"). These admissions satisfy the requirements of the generic definition. A mens rea of "willfully" is sufficient "because, in this context, a defendant cannot act "willfully" without also acting "knowingly." *Castro*, 607 F.3d at 569. Alvarez-Cordova's admission that he "did in fact touch the vagina of Jane Doe" satisfies the "sexual act" requirement, that is, "at a minimum, an intentional touching, not through the clothing, of a minor's genitalia," *id.* at 570, under the plain meaning of his plea agreement. *See United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991) (interpreting a plea agreement according to its plain meaning). Alvarez-Cordova admitted that the minor was fifteen years old, within the requisite age range. Finally, he admitted that he was ten years older than the minor, satisfying the age difference requirement.

3

Because Alvarez-Cordova was necessarily convicted of the elements of "sexual abuse of a minor," his conviction constitutes an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43) and a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii). The district court therefore did not err in denying the motion to dismiss the indictment or in imposing a sixteen-level enhancement for a crime of violence.

**AFFIRMED.**