**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10346 |
| Plaintiff - Appellee, | D.C. No. 4:06-cr-01681-RCC |
| v. | |
| SERGIO ALFONSO PIEDRA-CASTRO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted March 8, 2011[**]

Before:    FARRIS, LEAVY, and BYBEE, Circuit Judges.

Sergio Alfonso Piedra-Castro appeals from the 85-month sentence imposed following his guilty-plea conviction for attempted re-entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Piedra-Castro contends that his sentence is substantively unreasonable because the district court failed to reduce his sentence to account for: (1) the youthfulness and remoteness of his prior enhancing conviction, and (2) the alleged ongoing punishment and deterrent effects from the injury he sustained when apprehended by United States Border Patrol agents.

The record reflects that the sentence imposed is substantively reasonable in light of the totality of the circumstances and the factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Valencia-Barragan*, 608 F. 3d 1103, 1108-09 (9th Cir. 2010).

To the extent Piedra-Castro contends that the district court failed to consider or make required factual findings regarding his injuries and the circumstances surrounding those injuries, these contentions are not supported by the record.

**AFFIRMED.**