UNITED STATES of America,
Plaintiff—Appellee,

v.

Jose IRAHETA, Defendant—Appellant.

No. 10–10527.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 27, 2011.*

Filed Oct. 13, 2011.

Susan B. Gray, Barbara Valliere, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff-Appellee.

Colleen Martin, Assistant Federal Public Defender, FPDCA–Federal Public Defender's Office, Oakland, CA, for Defendant–Appellant.

Before: SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

MEMORANDUM **

Jose Iraheta appeals from the 57–month sentence imposed following his guilty-plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Iraheta contends that the district court procedurally erred by failing to consider his challenge to the sentencing enhancement under U.S.S.G. § 2L1.2(b), by giving too much weight to the Guidelines, by failing to address the 18 U.S.C. § 3553(a) sentencing factors, and by failing to provide an adequate explanation for the sentence. We review for plain error. *See United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010). There is no plain error here because "the district court listened to [Iraheta's] arguments, stated that it had reviewed the criteria set forth in § 3553(a), and imposed a sentence within the Guidelines range." *Id.*

Iraheta also contends that the sentence is substantively unreasonable because application of the 16–level sentencing enhancement under U.S.S.G. § 2L1.2 resulted in a sentence that was greater than necessary to meet the goals of sentencing. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, the sentence at the bottom of the Guidelines range was not substantively unreasonable. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *Valencia–Barragan,* 608 F.3d at 1108–09.

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.