**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50543 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00613-SJO |
| v. | |
| SAMI ARSHAK YANIKIAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted January 15, 2013[**]

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Sami Arshak Yanikian appeals from the district court's order affirming the

6-month sentence imposed following his jury-trial conviction for introduction of an

unapproved new drug in interstate commerce, in violation of 21 U.S.C. §§ 331(d),

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

355(a), and 333(a)(1); and aiding and abetting, in violation of 18 U.S.C. § 2(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Yanikian contends that the magistrate judge procedurally erred by: (1) failing to explain the sentence adequately; (2) imposing a custodial sentence without properly considering his mental impairment; and (3) failing to address his mitigating arguments regarding his mental health impairment. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The magistrate judge considered Yanikian's mitigating arguments and sufficiently explained the sentence.

Yanikian also contends that his sentence is substantively unreasonable in light of his mental health issues. The magistrate judge did not abuse his discretion in imposing Yanikian's within-Guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the need to deter and to protect the public. *See id.*

Yanikian finally contends that the magistrate judge erred by imposing a condition of supervised release requiring him to provide the probation officer with access to the business records, client lists, and other records pertaining to any business owned or co-owned by Yanikian. We review this contention for plain

error, *see United States v. Daniels*, 541 F.3d 915, 927 (9th Cir. 2008), and find

none.  The challenged condition is reasonably related to the circumstances of

Yanikian's conviction and to the goals of deterrence and protection of the public.

*See* 18 U.S.C. §§ 3553(a)(1), (2) and 3583(d); *Daniels*, 541 F.3d at 924.

**AFFIRMED.**