**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Valente RESIO–ARAGON,**
**Defendant–Appellant.**

**No. 11–10675.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2013.*

Filed March 21, 2013.

Marni Guerrero, Assistant U.S. Attorney, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Theron M. Hall, III, The Hall Law Firm, P.C., Phoenix, AZ, for Defendant–Appellant.

Before: PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

MEMORANDUM ***

Valente Resio–Aragon appeals from the district court's judgment and challenges the 27–month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Resio–Aragon contends that the government breached the plea agreement by not recommending a lower sentence. We review for plain error, *see United States v. Whitney,* 673 F.3d 965, 970 (9th Cir.2012), and conclude there was no breach. Because the district court rejected the plea agreement, the government was not bound by the agreement. *See United States v. Kuchinski,* 469 F.3d 853, 857–58 (9th Cir. 2006).

Resio–Aragon further contends that the district court procedurally erred by failing to explain adequately the sentence. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The district court listened to the mitigating arguments, considered the 18 U.S.C. § 3553(a) factors,

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and adequately explained the sentence. *See id.*

Resio–Aragon also contends that his sentence at the top of the Guidelines is substantively unreasonable. The district court did not abuse its discretion in imposing Resio–Aragon's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Resio–Aragon's criminal history and multiple prior deportations. *See id.*

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.