FILED

MAR 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10675 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-01061-DGC |
| v. | |
| VALENTE RESIO-ARAGON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Charles B. Kornmann, District Judge, Presiding[**]

Submitted March 12, 2013[***]

Before: PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Valente Resio-Aragon appeals from the district court's judgment and

challenges the 27-month sentence imposed following his guilty-plea conviction for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Charles B. Kornmann, Senior United States District Judge for the District of South Dakota, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Resio-Aragon contends that the government breached the plea agreement by not recommending a lower sentence.  We review for plain error, *see United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012), and conclude there was no breach.  Because the district court rejected the plea agreement, the government was not bound by the agreement.  *See United States v. Kuchinski*, 469 F.3d 853, 857-58 (9th Cir. 2006).

Resio-Aragon further contends that the district court procedurally erred by failing to explain adequately the sentence.  We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none.  The district court listened to the mitigating arguments, considered the 18 U.S.C. § 3553(a) factors, and adequately explained the sentence.  *See id.*

Resio-Aragon also contends that his sentence at the top of the Guidelines is substantively unreasonable.  The district court did not abuse its discretion in imposing Resio-Aragon's sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Resio-Aragon's criminal history and multiple prior deportations.  *See id.*

**AFFIRMED.**