**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Salvador GARCIA–REAL, a.k.a. Antonio Garcia, a.k.a. Salvador Real–Garcia, Defendant–Appellant.**

**No. 12–10154.**

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2013.*

Filed May 21, 2013.

Michele Myers Beckwith, USSAC–Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Douglas J. Beevers, Assistant Federal Public Defender, FPDCA–Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

MEMORANDUM **

Salvador Garcia–Real appeals from the district court's judgment and challenges the 24–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Garcia–Real contends that the district court procedurally erred by failing adequately to explain the sentence and why it denied his requests for a downward variance and a cultural assimilation departure. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The district court considered Garcia–Real's mitigating arguments and adequately explained the sentence with reference to Garcia–Real's breach of the court's trust and repeated violations of the immigration laws.

Garcia–Real also contends that the district court erred by rejecting his request for a cultural assimilation departure on the basis of an improper factor. This court does not review the denial of a departure; rather, our review is limited to determining whether the district court imposed a substantively reasonable sentence. *See United States v. Vasquez–Cruz,* 692 F.3d 1001, 1008 (9th Cir.2012). The district court did not abuse its discretion in imposing Garcia–Real's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). In light of the totality of the circumstances and 18 U.S.C. § 3583(e) sentencing factors, the

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

within-Guidelines sentence is substantively reasonable. *See id.*

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.