**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10154 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-00470-GEB |
| v. | |
| SALVADOR GARCIA-REAL, a.k.a. Antonio Garcia, a.k.a. Salvador Real-Garcia, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted May 14, 2013**

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Salvador Garcia-Real appeals from the district court's judgment and

challenges the 24-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

_____

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Garcia-Real contends that the district court procedurally erred by failing adequately to explain the sentence and why it denied his requests for a downward variance and a cultural assimilation departure. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court considered Garcia-Real's mitigating arguments and adequately explained the sentence with reference to Garcia-Real's breach of the court's trust and repeated violations of the immigration laws.

Garcia-Real also contends that the district court erred by rejecting his request for a cultural assimilation departure on the basis of an improper factor. This court does not review the denial of a departure; rather, our review is limited to determining whether the district court imposed a substantively reasonable sentence. *See United States v. Vasquez-Cruz*, 692 F.3d 1001, 1008 (9th Cir. 2012). The district court did not abuse its discretion in imposing Garcia-Real's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In light of the totality of the circumstances and 18 U.S.C. § 3583(e) sentencing factors, the within-Guidelines sentence is substantively reasonable. *See id.*

**AFFIRMED.**