**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff - Appellee,<br><br>     v.<br><br>LUCIANO MERCADO,<br><br>          Defendant - Appellant. | Nos. 11-10263<br>          11-10289<br><br>D.C. No. 2:09-cr-00381-EJG<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>          Plaintiff - Appellee,<br><br>     v.<br><br>SERGIO MERCADO,<br><br>          Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Edward J. Garcia, District Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

In these consolidated appeals, Luciano Mercado ("Luciano") appeals from the 168-month sentence and Sergio Mercado ("Sergio") appeals from 135-month sentence imposed following their guilty-plea convictions for conspiracy to distribute, and possession with intent to distribute, over 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Luciano contends that the district court erred in calculating the Guidelines range by improperly applying a three-level aggravating role enhancement under U.S.S.G. § 3B1.1(b). We need not resolve this issue because the court varied downward by five levels to a base offense level that did not reflect the role enhancement. Thus, any error in applying the enhancement was harmless. *See United States v. Leal-Vega*, 680 F.3d 1160, 1170 (9th Cir. 2012).

Luciano also contends that the district court violated Federal Rule of Criminal Procedure 32 by failing to resolve factual disputes related to the application of the aggravating role enhancement. The district court did not err because it considered Luciano's objections to the presentence report and adopted the government's position with respect to the factual disputes. *See United States v. Doe*, 488 F.3d 1154, 1158-59 (9th Cir. 2007).

Luciano finally contends that the district court procedurally erred by failing adequately to explain the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The

district court considered Luciano's arguments and adequately explained the sentence in light of the 18 U.S.C. § 3553(a) sentencing factors.

Sergio contends that his sentence is substantively unreasonable. The government argues that his appeal is barred by a valid appeal waiver. Reviewing de novo, we conclude that the government forfeited its right to enforce the waiver by failing to object to the district court's unqualified advisement that Sergio retained the right to appeal the court's judgment. *See United States v. Felix*, 561 F.3d 1036, 1040-41 (9th Cir. 2009). However, Sergio has not shown that the district court abused its discretion in imposing his sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the seriousness of the offense and the need to promote respect for the law. *See id.*

**AFFIRMED.**