NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30290 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00089-WFN |
| v. | |
| ROBERT BRUCE HIATT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

   Robert Bruce Hiatt appeals from the district court's judgment and challenges

the 71-month sentence imposed following his guilty-plea conviction for one count

of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2; seven counts of wire fraud,

in violation of 18 U.S.C. §§ 1343 and 2; and one count of witness tampering, in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. §§ 1512(b)(3) and 2.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hiatt contends that the district court procedurally erred by failing to explain adequately the basis for imposing a 71-month sentence, by failing to consider the 18 U.S.C. § 3553(a) factors, by treating the Guidelines as presumptively mandatory, and by presuming the Guidelines range was reasonable.  We review for plain error, s*ee United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none.  The record reflects that the court considered Hiatt's arguments and the section 3553(a) factors.  The court also adequately explained the reasons for the sentence and did not treat the Guidelines as either presumptively mandatory or reasonable.

Hiatt also contends that his 71-month sentence is substantively unreasonable in light of his lack of extensive criminal history, his age, and the non-violent nature of his convictions.  The district court did not abuse its discretion in imposing Hiatt's sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The sentence at the top of the Guidelines is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, which include substantial financial losses for multiple victims over an extended period of time. *See id.*

**AFFIRMED.**

12-30290