**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50116 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-05221-BEN |
| v. | |
| LEONEL GOMEZ-YANEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted August 14, 2013[**]

Before:     SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Leonel Gomez-Yanez appeals from the district court's judgment and

challenges the 12-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gomez-Yanez contends the district court procedurally erred by failing to correctly calculate the applicable Guidelines range and by not stating whether the fast-track departure recommended by the parties was included in the calculation. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the court rejected the fast-track departure and properly calculated the Guidelines range without the departure. Further, any failure to reconcile the parties' calculations of Gomez-Yanez's criminal history score was harmless because the court used the lower score.

Gomez-Yanez also contends his sentence is substantively unreasonable because the district court improperly relied upon his unauthorized employment and made illogical inferences from his past criminal history. The district court did not abuse its discretion in imposing Gomez-Yanez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The record reflects that Gomez-Yanez's past employment and his history of driving under the influence were relevant to the 18 U.S.C. § 3553(a) sentencing factors, including the need to promote respect for the law, afford adequate deterrence, and protect the public. The within-Guidelines sentence is substantively reasonable.

**AFFIRMED.**

13-50116