FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OCT 03 2013

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ANASTACIO GARCIA-CARAVEO, <br><br> Defendant - Appellant. | Nos. 12-10452 <br> 12-10455 <br><br> D.C. Nos. 2:11-cr-50140-GMS <br> 2:11-cr-01753-GMS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

In these consolidated appeals, Anastacio Garcia-Caraveo appeals from the district court's judgment and challenges the 46-month sentence and 36-month term of supervised release imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. He also appeals the 11-month

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sentence imposed following revocation of supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Garcia-Caraveo contends that the district court procedurally erred by failing to consider his mitigating arguments or adequately explain the sentence.  We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none.  The district court heard the mitigating arguments and sufficiently explained the sentence, including the supervised release term.  *See Rita v. United States*, 551 U.S. 338, 358-59 (2007).

Garcia-Caraveo also contends that the total 57-month sentence is substantively unreasonable in light of the age of his prior robbery conviction, which triggered a 12-level enhancement.  The district court did not abuse its discretion in imposing Garcia-Caraveo's sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The sentence is substantively reasonable in light of the relevant 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the need for deterrence.  *See id.*

Garcia-Caraveo finally contends that the three-year term of supervised release is substantively unreasonable in light of U.S.S.G. § 5D1.1(c).  The district court did not abuse its discretion in imposing a term of supervised release.  *See United States v. Valdavinos-Torres*, 704 F.3d 679, 692-93 (9th Cir. 2012).  The

sentence is substantively reasonable in light of the totality of the circumstances, including the need for additional deterrence. *See id.*; U.S.S.G. § 5D1.1 cmt. n.5 (the district court should consider imposing supervised release on a deportable alien "if the court determines it would provide an added measure of deterrence and protection").

**AFFIRMED.**