**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose VALENCIA–BARRAGAN,**
**Defendant–Appellant.**

No. 09–50018.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 2010.

Filed April 6, 2010.

Amended June 22, 2010.

Steven F. Hubachek, Federal Defenders of San Diego, Inc., San Diego, CA, for the defendant-appellant.

David P. Curnow, Mark R. Rehe, and Steve Miller (argued), Assistant United States Attorneys, San Diego, CA, for the plaintiff-appellee.

Before ALFRED T. GOODWIN, WILLIAM C. CANBY, JR. and RAYMOND C. FISHER, Circuit Judges.

### ORDER

The opinion filed April 6, 2010, is amended, and the amended opinion is filed concurrently with this order.

With the filing of the amended opinion, the panel has voted unanimously to deny both petitions for rehearing. Judge Fisher voted to deny the appellant's petition for rehearing en banc, and Judges Goodwin and Canby recommended denial.

The full court has been advised of the petition for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

The petitions for rehearing are DENIED and the petition for rehearing en banc is DENIED.

Pursuant to General Order 5.3(a), subsequent petitions for rehearing or rehearing en banc may be filed concerning this amendment.

IT IS SO ORDERED.

### OPINION

GOODWIN, Senior Circuit Judge:

The opinion filed April 6, 2010, and appearing at 600 F.3d 1132 (9th Cir.2010), is ordered amended, and the amended opinion is filed herewith.

Jose Valencia–Barragan appeals his forty-one month sentence for attempted reentry into the United States after removal in violation of 8 U.S.C. § 1326. That sentence includes a sixteen-level increase in offense level for a prior conviction under Revised Code of Washington section 9A.44.076(1) ("section 9A.44.076(1)"), which criminalizes the rape of a child who is twelve or thirteen years old. Wash. Rev. Code § 9A.44.076(1). Valencia–Barragan argues, first, that a conviction under section 9A.44.076(1) does not constitute a "crime of violence" warranting a sixteen-level increase under United States Sentencing Guideline ("U.S.S.G.") § 2L1.2(b)(1)(A). He also argues that the district court erred procedurally in failing to explain and apply the sentencing factors under 18 U.S.C. § 3553(a) and imposed a substantively unreasonable sentence in violation of *United States v. Amezcua–Vasquez,* 567 F.3d 1050 (9th Cir.2009).

We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We hold that a conviction under section 9A.44.076(1) categorically constitutes "sexual abuse of a minor" and is therefore a

crime of violence warranting a sixteen-level increase. We also hold that the district court did not impose a procedurally or substantively unreasonable sentence. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 18, 2008, a United States Border Patrol agent, responding to information from a seismic intrusion device, found Valencia–Barragan hiding in brush north of the United States–Mexico border. Valencia–Barragan, a citizen of Mexico, had previously been deported after pleading guilty to second-degree rape of a child under fourteen, a felony under Washington law. *See* Wash. Rev.Code § 9A.44.076(2). According to his presentence report, Valencia–Barragan expressed no remorse and stated that he believed he had done nothing wrong. He also allegedly kissed, touched, and exposed himself to a second child, an eleven-year-old girl, although he was not charged for that incident. He was sentenced to sixty-eight months in prison and was deported in 1999 following his release.

On June 30, 2008, Valencia–Barragan pleaded guilty to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. At sentencing, the district court ruled that Valencia–Barragan's prior conviction under section 9A.44.076(1) qualified as "statutory rape" and was therefore a crime of violence for purposes of sentencing enhancement. The court found a base offense level of eight, U.S.S.G. § 2L1.2(a); a sixteen-level increase based on a prior conviction for a crime of violence, *id.* § 2L1.2(b)(1)(A)(ii); and a three-level decrease for acceptance of responsibility, *id.* § 3E1.1. Noting that the applicable Guidelines range was forty-one to fifty-one months, the court concluded, "Mindful of the fact the statutory maximum for this offense is up to 20 years in custody, and reviewing the criteria set

forth in [18 U.S.C. § 3553(a) ], I find that the low end of the adjusted Guideline range would be a sufficient sentence but not greater than necessary," and imposed a sentence of forty-one months. Valencia–Barragan timely appealed.

## DISCUSSION

### A. Sixteen–Level Increase Under U.S.S.G. § 2L1.2(b)(1)(A)

Valencia–Barragan argues, first, that his prior conviction under section 9A.44.076(1) constitutes neither "statutory rape" nor "sexual abuse of a minor" and therefore is not a crime of violence warranting a sixteen-level increase under U.S.S.G. § 2L1.2(b)(1)(A). For a violation of 8 U.S.C. § 1326, the Sentencing Guidelines provide for a base offense level of eight with an increase of sixteen levels "[i]f the defendant previously was deported . . . after . . . a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). "Crime of violence" includes, inter alia, "sexual abuse of a minor" and "statutory rape." *Id.* at cmt. n.1(B)(iii). On de novo review, *United States v. Medina–Villa,* 567 F.3d 507, 511 (9th Cir.2009), we conclude that a conviction under section 9A.44.076(1) categorically constitutes sexual abuse of a minor, and that the sixteen-level increase therefore applies.

■ Section 9A.44.076(1) provides that "[a] person is guilty of rape of a child in the second degree when the person has sexual intercourse with another who is at least twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." Wash. Rev.Code § 9A.44.076(1). To determine whether a prior conviction under section 9A.44.076(1) constitutes either "sexual abuse of a minor" or "statutory rape" for

purposes of sentencing enhancement, we apply the categorical approach set forth in *Taylor v. United States,* 495 U.S. 575, 600–02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). "Under the categorical approach, we 'compare the elements of the statute of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition.'" *Cerezo v. Mukasey,* 512 F.3d 1163, 1166 (9th Cir.2008) (quoting *Quintero–Salazar v. Keisler,* 506 F.3d 688, 692 (9th Cir.2007)). "We do not examine the facts underlying the offense, but 'look only to the fact of conviction and the statutory definition of the prior offense.'" *Estrada–Espinoza v. Mukasey,* 546 F.3d 1147, 1152 (9th Cir.2008) (en banc) (quoting *Taylor,* 495 U.S. at 602, 110 S.Ct. 2143).

■ Our case law recognizes two different generic federal definitions of "sexual abuse of a minor." *Pelayo–Garcia v. Holder,* 589 F.3d 1010, 1013 (9th Cir. 2009).[1] The first generic definition contains three elements: (1) sexual conduct; (2) with a minor; (3) that constitutes abuse. *Medina–Villa,* 567 F.3d at 513. We define the first two elements—(1) sexual conduct; (2) with a minor—by "employing the ordinary, contemporary, and common meaning of the words that Congress used." *United States v. Baron–Medina,* 187 F.3d 1144, 1146 (9th Cir.1999) (quoting *Zimmerman v. Or. Dep't of Justice,* 170 F.3d 1169, 1174 (9th Cir.1999) (internal quotation marks omitted)). We define the third element—abuse—as

"'physical or psychological harm' in light of the age of the victim in question." *Medina–Villa,* 567 F.3d at 513. Sexual conduct with younger children is per se abusive. *Id.* at 514–15. The second generic definition, derived from 18 U.S.C. § 2243 and set out in *Estrada–Espinoza v. Mukasey,* contains four elements: "(1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor."[2] 546 F.3d at 1152.

■ We conclude that a conviction under section 9A.44.076(1) categorically constitutes sexual abuse of a minor under the first generic definition. Section 9A.44.076(1) contains the first two elements of the generic crime because it prohibits (1) sexual conduct (2) with a minor. It contains the final element, abuse, because it applies to sexual conduct with children younger than fourteen years, and therefore prohibits conduct that is per se abusive. *See, e.g., Baron–Medina,* 187 F.3d at 1147 (concluding that the use of children under fourteen for the gratification of sexual desire necessarily constitutes abuse).

Because we conclude that Valencia–Barragan's conviction under section 9A.44.076(1) criminalizes conduct that satisfies the first federal generic definition of "sexual abuse of a minor," we do not address whether his conviction also satisfies the second generic federal definition or whether it constitutes "statutory rape."

1. Although *Pelayo–Garcia* addressed whether a statute of conviction constituted an "aggravated felony" in the immigration context, 8 U.S.C. § 1101(a)(43), that distinction is immaterial. The analysis is the same for a "crime of violence" in the sentencing context, U.S.S.G. § 2L1.2. *See Pelayo–Garcia,* 589 F.3d at 1013 n. 1; *Medina–Villa,* 567 F.3d at 511–12.

2. Although *Estrada–Espinoza* referred to those elements as defining "sexual abuse of a minor" generally, we subsequently clarified that the *Estrada–Espinoza* definition "encompassed statutory rape crimes only." *Medina–Villa,* 567 F.3d at 514; *accord Pelayo–Garcia,* 589 F.3d at 1013–14. Rather than defining the universe of crimes constituting "sexual abuse of a minor," therefore, *Estrada–Espinoza* set forth a second generic definition.

Valencia–Barragan's prior conviction constitutes a crime of violence and the district court did not err in imposing a sixteen-level increase under U.S.S.G. § 2L1.2(b)(1)(A).

## B. *Procedural and Substantive Reasonableness*

██ Valencia–Barragan also contends that the district court failed to adequately address and apply the sentencing factors listed in 18 U.S.C. § 3553(a) ("the § 3553(a) factors") and imposed a substantively unreasonable sentence. We review sentencing decisions for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) (en banc). Where, as here, a defendant failed to object on the ground that the district court erred procedurally in explaining and applying the § 3553(a) factors, we review only for plain error.[3] *United States v. Sylvester Norman Knows His Gun, III*, 438 F.3d 913, 918 (9th Cir.2006).

██ The district court did not plainly err in its explanation and application of the § 3553(a) factors. Under the sentencing statute, the district court was required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). "Nonetheless, when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Accordingly, "a sentencing judge does not abuse his discretion when he listens to the defendant's arguments and then 'simply [finds the] circumstances

insufficient to warrant a sentence lower than the Guidelines range.'" *Amezcua–Vasquez*, 567 F.3d at 1053–54 (quoting *Carty*, 520 F.3d at 995) (alteration in *Amezcua–Vasquez*). Here, the district court listened to Valencia–Barragan's arguments, stated that it had reviewed the criteria set forth in § 3553(a), and imposed a sentence within the Guidelines range. Its failure to do more does not constitute plain error.

██ Moreover, contrary to Valencia–Barragan's contention, his sentence is not substantively unreasonable under *Amezcua–Vasquez*. In *Amezcua–Vasquez*, 567 F.3d at 1052, the defendant was convicted of assault with great bodily injury and attempted voluntary manslaughter after a stabbing during a gang-related bar fight. He was deported more than twenty years after completing a four-year prison sentence for that crime and nearly fifty years after becoming a permanent resident, and was apprehended entering the United States shortly thereafter. *Id.* at 1051–52. In those circumstances, we held that a fifty-two month sentence that was largely predetermined by a sixteen-level sentencing enhancement was substantively unreasonable. *Id.* at 1056. We emphasized that "[t]he scope of our decision is limited.... We make no pronouncement as to the reasonableness of a comparable sentence were[the defendant's] conviction more recent, the sentence resulting from the prior conviction more severe or 'the need ... to protect the public from further crimes of the defendant' otherwise great-

---

3. Valencia–Barragan argues that, although he did not object on procedural grounds before the district court, presenting arguments relevant to mitigation should be sufficient to invoke the abuse of discretion standard. However, to the extent that Valencia–Barragan raised the issue of the § 3553(a) factors before the district court, he did so in challeng-

ing the *substantive* reasonableness of his sentence, arguing that the court should consider various factors in mitigation. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Because he raised no issue of procedural error by the district court, plain error review applies.

er." *Id.* at 1058 (quoting 18 U.S.C. § 3553(a)(2)(C)).

Given the limited scope of *Amezcua–Vasquez*'s holding, the district court did not abuse its discretion in applying a sixteen-level enhancement for Valencia–Barragan's prior conviction. Unlike the defendant in *Amezcua–Vasquez,* Valencia–Barragan was deported immediately after serving his sentence, and Valencia–Barragan's conviction was comparatively more recent. Moreover, given the nature of Valencia–Barragan's crime, and the fact that he allegedly also kissed, touched, and exposed himself to an eleven-year-old girl, "the need ... to protect the public from further crimes of the defendant" might logically be greater. 18 U.S.C. § 3553(a)(2)(C). The district court therefore did not abuse its discretion in imposing a within-Guidelines sentence. The sentence is neither procedurally nor substantively unreasonable.

AFFIRMED.