FILED

MAY 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30277 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00012-JDS |
| v. | |
| DONALD EDWARD FOSTER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Donald Edward Foster appeals from the district court's judgment and

challenges the 100-month sentence imposed following his guilty-plea conviction

for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1);

and for possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Foster first contends that the district court procedurally erred by failing to explain the reasons for the sentence and for its rejection of his mitigating arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court reviewed all of the evidence submitted, listened to the mitigating arguments, and considered the section 3553(a) sentencing factors. Nothing more was required here. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007).

Foster next contends that the district court violated the parsimony principle and imposed a sentence that was greater than necessary in light of his personal history and characteristics. The district court did not abuse its discretion in imposing Foster's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence at the bottom of the advisory Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See id*.

**AFFIRMED.**