**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50175 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03377-DMS |
| v. | |
| GREGORIO GARCIA-HARO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Gregorio Garcia-Haro appeals from the district court's judgment and challenges the 57-month sentence imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Garcia-Haro contends that the district court procedurally erred by failing to consider all of the 18 U.S.C. § 3553(a) sentencing factors. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court adequately considered all of the relevant sentencing factors.

Garcia-Haro also contends that his sentence is substantively unreasonable because the district court gave undue weight to his criminal history and failed to account for his cultural assimilation. We review the denial of a request for a downward departure based on cultural assimilation only as part of our review of the overall substantive reasonableness of the sentence. *See United States v. Ellis*, 641 F.3d 411, 421-22 (9th Cir. 2011). The district court did not abuse its discretion in imposing Garcia-Haro's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 57-month sentence at the bottom of the Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Garcia-Haro's repeated unlawful entries, multiple removals, and violent criminal history. *See id.*; *see also* U.S.S.G. § 2L1.2 cmt. n.8 ("[A cultural assimilation] departure should be considered only . . . [where it] is not likely to increase the risk to the public from further crimes of the defendant.").

**AFFIRMED.**

12-50175