**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30236 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-30010-PA |
| v. | |
| JOSE EMILIANO DIAZ-LARA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Jose Emiliano Diaz-Lara appeals from the district court's judgment and

challenges the 168-month sentence imposed following his guilty-plea conviction

for conspiracy to distribute and possession with intent to distribute more than 50

grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1),

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(b)(1)(A)(viii), and 846.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Diaz-Lara contends that the district court procedurally erred by failing to explain adequately why it declined to grant a downward variance and by failing to address Diaz-Lara's argument regarding his comparative culpability.  We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none.  The district court entertained the parties' arguments, concluded that the 18 U.S.C. § 3553(a) sentencing factors distinguished Diaz-Lara's case from that of his codefendant, and adequately explained Diaz-Lara's sentence.

Diaz-Lara also contends that his sentence is substantively unreasonable.  The district court did not abuse its discretion in imposing Diaz-Lara's sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  In light of the totality of the circumstances and the section 3553(a) sentencing factors, the sentence at the bottom of the Guidelines range is substantively reasonable.  *See id.*

We decline to consider Diaz-Lara's ineffective assistance of counsel claim on direct appeal because the record is insufficiently developed.  *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003).  Diaz-Lara's request for

appointment of counsel is denied without prejudice to refiling in the district court in the event he files a motion under 28 U.S.C. § 2255.

Diaz-Lara's motion to strike the government's supplemental excerpt of record is denied.

**AFFIRMED.**