**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10567 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01354-SRB |
| v. | |
| YEFRY MONTENEGRO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John A. Jarvey, District Judge, Presiding[**]

Submitted September 24, 2013[***]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Yefry Montenegro appeals from the district court's judgment and challenges

the 57-month sentence imposed following his guilty-plea conviction for reentry of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Montenegro contends that the district court procedurally erred by failing to address his nonfrivolous arguments for a departure or variance and by failing to explain the sentence imposed. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered all of Montenegro's arguments, and explained the sentence imposed. Moreover, the record belies Montenegro's assertion that the court improperly substituted the fast-track Guidelines range for the correctly calculated range.

Montenegro also contends that his sentence is substantively unreasonable because it fails to account for his mitigating circumstances. The district court did not abuse its discretion in imposing Montenegro's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence 13 months below the low end of the Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Montenegro's criminal and immigration history and the need for deterrence. *See id*.

**AFFIRMED.**