**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50112 |
| Plaintiff - Appellee, | D.C. No. 8:11-cr-00049-ABC |
| v. | |
| JONATHAN ROARKE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted, September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Jonathan Roarke appeals from the district court's judgment and challenges

the lifetime term of supervised release and one condition of supervised release

imposed following his guilty-plea conviction for possession of child pornography,

in violation of 18 U.S.C. § 2252A(a)(5)(B).  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm in part and vacate and remand in part.

Roarke contends that the district court did not adequately explain why a lifetime term of supervised release was necessary. We review for plain error, *see Valencia-Barragan*, 608 F.3d 1103, 1108 n.3 (9th Cir. 2010), and find none. The record reflects that the district court considered the parties' arguments and the probation officer's recommendation before imposing the Guidelines-recommended term; thus, the court did not err. *See United States v. Daniels*, 541 F.3d 915, 922 (9th Cir. 2008).

Roarke also contends that the lifetime term of supervised release is inconsistent with legislative history of the supervised release statute and otherwise substantively unreasonable. The court did not abuse its discretion in imposing Roarke's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, including the nature of the offense and the need to protect the public. *See Daniels*, 541 F.3d at 923-24.

Roarke further contends that condition 18, prohibiting him from viewing or possessing materials "depicting and/or describing 'sexually explicit conduct,' as defined at 18 U.S.C. § 2256(2), during the course of treatment," is overly broad because it encompasses legal materials and materials necessary for his court-

mandated treatment. We review the district court's imposition of this special condition for plain error. *See United States v. Cope*, 527 F.3d 944, 957 (9th Cir. 2008). We agree that the condition may improperly interfere with Roarke's ability to bring collateral proceedings or participate in required counseling or treatment. *See id.* at 957-58. Accordingly, we vacate condition 18 and remand with instructions that the district court amend condition 18 with the modifying language contained in condition 12, which clarifies that the condition does not apply to materials related to a collateral attack or used for the purpose of court-mandated treatment. *See id.*

Roarke's request to file this disposition under seal or, alternatively, under a pseudonym is denied.

**AFFIRMED in part; VACATED and REMANDED in part.**