**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

DEC 18 2013



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30190 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-06011-EFS |
| v. | |
| SARAH BUTLER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Sarah Butler appeals from the district court's judgment and challenges the 8-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Butler contends that the district court procedurally erred by imposing an 8-month sentence for the purpose of rehabilitation. Because Butler did not object on this ground before the district court, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010). The record reflects that the district court may have considered Butler's need for rehabilitative services, including parenting classes, when it imposed her sentence. If so, it constitutes plain error. *See Tapia v. United States*, 131 S. Ct. 2382, 2391 (2011) (sentencing courts are precluded from "imposing or lengthening a prison term to promote an offender's rehabilitation"); *United States v. Grant,* 664 F.3d 276, 279-82 (9th Cir. 2011) (imposing sentence for the purpose of rehabilitation on revocation of supervised release constitutes plain error). Accordingly, we vacate the sentence and remand for resentencing.

In light of our decision, we do not reach Butler's remaining contentions. The mandate shall issue forthwith.

**VACATED and REMANDED.**