**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50153 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00470-CAS |
| v. | |
| HECTOR CARRILLO, a.k.a. Hector Israel Carrillo, a.k.a. Hector I. Carrillo-Jimenez, a.k.a. Moises Madrigal, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Hector Carrillo appeals from the district court's judgment and challenges the

60-month sentence imposed following his guilty-plea conviction for illegal reentry

after deportation, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review unpreserved claims of procedural error for plain error and the substantive reasonableness of a sentence for abuse of discretion.  *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).  We affirm, but remand with instructions to the district court to correct the judgment.

Carrillo contends that the district court improperly punished him for his decision to reject a fast-track plea.  The record does not support this contention.  The court properly declined to grant a departure under U.S.S.G. § 5K3.1.  Nevertheless, it varied downward because the government was not prejudiced by Carrillo's rejection of the fast-track plea.

Carrillo next contends that the court erred by failing to address his policy-based argument under *Kimbrough v. United States*, 552 U.S. 85 (2007), and by failing to acknowledge the parsimony principle of 18 U.S.C. § 3553(a)(2).  The court acknowledged that the Guidelines are advisory and adequately explained the sentence in light of the 18 U.S.C. § 3553(a) sentencing factors.  Its failure to do more was not plain error.  *See United States v. Ayala-Nicanor*, 659 F.3d 744, 752 (9th Cir. 2011).

Carrillo contends that his sentence is substantively unreasonable because the district court should have granted a cultural assimilation departure.  As Carrillo concedes, our review of departures is limited to determining whether the district court imposed a substantively reasonable sentence.  *See United States v. Vasquez-*

*Cruz*, 692 F.3d 1001, 1008 (9th Cir. 2012), *cert. denied*, 134 S. Ct. 76 (2013).  The sentence 10 months below the low end of the advisory Guidelines is substantively reasonable in light of the totality of the circumstances and the section 3553(a) factors.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Carrillo also contends that the district court erred procedurally by failing to explain why a term of supervised release was warranted in light of U.S.S.G. § 5D1.1(c) (2011).  The record reflects that the district court considered the probation officer's recommendation and determined that a supervised release term was warranted.  Carrillo has not shown a reasonable probability that he would have received a different sentence absent the alleged error.  *See United States v. Waknine*, 543 F.3d 546, 553 (9th Cir. 2008).

Finally, Carrillo argues that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), is no longer good law.  This contention is foreclosed by *United States v. Beng-Salazar*, 452 F.3d 1088, 1091 (9th Cir. 2006).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the reference to section 1326(b)(2).

**AFFIRMED; REMANDED to correct the judgment.**