**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50410 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00695-R |
| v. | |
| JOEL FILEMON GARCIA-CERVANTES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted December 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Joel Filemon Garcia-Cervantes appeals from the district court's judgment

and challenges the 192-month sentence imposed following his guilty-plea

conviction for conspiracy to possess with intent to distribute a controlled

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substance, in violation of 21 U.S.C. § 846.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Garcia-Cervantes argues that the district court erred by imposing a two-level enhancement for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1). Because the gun was found in close proximity to ammunition and an electronic scale, the district court did not clearly err when it concluded that the weapon was connected with the offense.  *See* U.S.S.G. § 2D1.1 cmt. n.11(A); *United States v. Lopez-Sandoval*, 146 F.3d 712, 714-15 (9th Cir. 1998).

Garcia-Cervantes also contends that the district court erred by applying a three-level aggravating role enhancement under U.S.S.G. § 3B1.1(b).  We need not resolve the intracircuit conflict regarding the applicable standard of review, *see United States v. Rivera*, 527 F.3d 891, 908 (9th Cir. 2008), because Garcia-Cervantes's claim fails under any standard.  The record reflects that Garcia-Cervantes "exercised some control over others involved in commission of the offense contention."  *United States v. Riley*, 335 F.3d 919, 929 (9th Cir.2003) (internal quotation omitted).

Garcia-Cervantes finally contends that the district court failed to address his objections to the weapon and role enhancements, making it impossible to determine the basis for the court's sentence.  We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none.

2

The record is sufficient for appellate review and reflects that the district court considered Garcia-Cervantes's challenges to the enhancements and rejected them. *See Rita v. United States*, 551 U.S. 338, 356-59 (2007).

**AFFIRMED.**