**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> EDITH TOMASA RODRIGUEZ-CARDENAS, <br><br> Defendant - Appellant. | No. 15-50363 <br><br> D.C. No. 2:13-cr-00782-CAS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Edith Tomasa Rodriguez-Cardenas appeals from the district court's

judgment and challenges the nine-month sentence imposed following revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rodriguez-Cardenas contends that the district court procedurally erred by failing to explain the sentence adequately, failing to respond to her mitigating arguments, and relying on clearly erroneous facts. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered Rodriguez-Cardenas' mitigating arguments and adequately explained the sentence. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007). Furthermore, contrary to Rodriguez-Cardenas' contention, the district court did not rely on clearly erroneous facts at sentencing.

Rodriguez-Cardenas also contends that the sentence is substantively unreasonable in light of the mitigating factors she presented at sentencing. The district court did not abuse its discretion in imposing Rodriguez-Cardenas' sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Rodriguez-Cardenas' breach of the court's trust. *See Gall*, 552 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007) (at a revocation sentencing, breach of trust is an appropriate sentencing factor).

**AFFIRMED.**