**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50327 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00391-PSG |
| v. | |
| RICHARD LEONARD ARLINGTON, a.k.a. Victor Petrovch Astashoff, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted May 24, 2016[**]

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Richard Leonard Arlington appeals from the district court's order modifying

the terms of his supervised to require him to participate in a GPS monitoring

program for a period not to exceed twelve months.   We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm.

Arlington first contends that the district court lacked jurisdiction to impose the condition because probation petitioned to add it before he was released. We disagree. The district did not impose the condition until after Arlington's release. In any event, a district court may modify the conditions of supervised release "at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2).

Arlington next contends that the district court failed to explain the condition adequately. We review for plain error, *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court's reasons for imposing the condition are apparent from the record. *See United States v. Daniels,* 541 F.3d 915, 924 (9th Cir. 2008).

Finally, Arlington contends that the district court erred by imposing the condition because it is not reasonably related to the goals of supervised release and is a greater deprivation of liberty than is reasonably necessary. The district court did not abuse its discretion. *See United States v. Weber,* 451 F.3d 552, 557 (9th Cir. 2006). The condition involves no greater deprivation of liberty than is reasonably necessary to protect the public and is reasonably related to facilitating

15-50327

Arlington's compliance with the other conditions of his supervised release. *See*

18 U.S.C. § 3583(d); *Weber,* 451 F.3d at 557-58.

**AFFIRMED.**