NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50257 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00218-BEN |
| v. | |
| RENE MARTELL-ENRIQUEZ, a.k.a. Rene Martinez-Enrigue, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted June 14, 2016**

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Rene Martell-Enriquez appeals from the district court's judgment and

challenges the 48-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C.

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.   See Fed. R. App. P. 34(a)(2).

§ 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Martell-Enriquez contends that the district court procedurally erred by failing to consider U.S.S.G. §§ 4A1.2 and 4A1.3. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. Martell-Enriquez has not identified any error in the computation of his criminal history category under section 4A1.2. Moreover, because the district court did not depart upward on the basis that Martell-Enriquez's criminal history category was inadequate, section 4A1.3 was not a "pertinent policy statement" that the district court was required to consider under 18 U.S.C. § 3553(a)(5).

Martell-Enriquez next contends that his sentence is substantively unreasonable. The above-Guidelines sentence is not an abuse of discretion in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Martell-Enriquez's criminal and immigration history. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Burgos-Ortega*, 777 F.3d 1047, 1056-57 (9th Cir.), *cert. denied*, 135 S. Ct. 2848 (2015) (district court "reasonably concluded" that the need for deterrence "required a sentence at least equal to [the defendant's] last illegal re-entry sentence").

**AFFIRMED.**