**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 15-10360 |
| | 15-10361 |
| Plaintiff - Appellee, | |
| | D.C. Nos. 2:14-cr-00341-KJD |
| v. | 2:15-cr-00143-KJD |
| JUAN CARLOS LOPEZ-GUZMAN, | |
| | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

In these consolidated appeals, Juan Carlos Lopez-Guzman appeals the 41-

month sentence imposed following his guilty-plea conviction for being a deported

alien found unlawfully in the United States in violation of 8 U.S.C. § 1326(a), and

the eight-month, consecutive sentence imposed upon revocation of supervised

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lopez-Guzman contends that the district court procedurally erred by failing to explain the sentences adequately and to consider the applicable sentencing factors.  With respect to the revocation sentence, he contends that the court erred by relying on improper sentencing factors and on clearly erroneous facts.  We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none.  The record reflects that the district court considered Lopez-Guzman's arguments and the applicable sentencing factors, did not rely on any improper factor or clearly erroneous facts, and adequately explained the sentence.  *See Rita v. United States*, 551 U.S. 338, 358-59 (2007).

Lopez-Guzman next contends that his sentence is substantively unreasonable in light of the circumstances and staleness of his prior alien smuggling offense.  The district court did not abuse its discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The 49-month aggregate sentence is substantively reasonable in light of the 18 U.S.C. §§ 3553(a) and 3583(e) sentencing factors and the totality of the circumstances, including the need to deter Lopez-Guzman from future criminal activity.  *See Gall*, 552 U.S. at 51.

**AFFIRMED.**