**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50210 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00401-ODW |
| v. | |
| ANGEL ALEJANDRO CARMONA, a.k.a. Lil Criminal, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted May 15, 2018**

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Angel Alejandro Carmona appeals from the district court's judgment and

challenges the 125-month sentence imposed following his guilty-plea conviction

for conspiracy to possess with intent to distribute and to distribute

methamphetamine, in violation of 21 U.S.C. § 846.  We have jurisdiction under 28

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm.

Carmona contends that the district court procedurally erred by failing to address the 18 U.S.C. § 3553 factors and explain its reasons for the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court considered and discussed the advisory Guidelines range and the 18 U.S.C. § 3553(a) sentencing factors, and explained at length the reasons for the sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."). The court also considered Carmona's mitigating arguments.

Carmona also argues that the sentence is substantively unreasonable because the district court sentenced him to 125 months, despite recommendations of 120 months from probation, the government, and the defense. The district court did not abuse its discretion in imposing Carmona's within-Guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the section 3553(a) factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

17-50210