NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30228 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00121-SPW |
| v. | |
| RICHARD R. LAUFER III, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 15, 2018**

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Richard R. Laufer, III, appeals from the district court's judgment and
challenges the 63-month sentence imposed following his guilty-plea conviction for
being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and
924(a)(2).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Laufer argues that the district court procedurally erred by treating a sentence within the Guidelines range as presumptively reasonable and failing to consider whether a below-Guidelines sentence was warranted under the 18 U.S.C. § 3553(a) sentencing factors. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the court understood that it could vary below the Guidelines range, considered Laufer's arguments for doing so, and was unpersuaded that a downward variance was warranted under the section 3553(a) sentencing factors.

Laufer also contends that the sentence is substantively unreasonable because a lower sentence would have satisfied the goals of sentencing. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the section 3553(a) factors and the totality of the circumstances, including the serious nature of the crime, Laufer's extensive criminal history, the fact that Laufer was on supervised release for a prior felony conviction at the time of the instant offense, and the danger to the community posed by Laufer's possession of drugs and firearms. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**