NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50420 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-001438-BEN-2 |
| v. | |
| FRANCISCO GALLEGOS-LOPEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Honorable Roger T. Benitez, District Judge, Presiding

Submitted December 17, 2018[**]

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Francisco Gallegos-Lopez appeals from the district court's judgment and

challenges the above-Guidelines 41-month sentence imposed following his guilty-

plea conviction for harboring an alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii)

and (v)(II).  We have jurisdiction under 28 U.S.C. § 1291.  We affirm in part, and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

vacate and remand in part.

Gallegos-Lopez contends that the district court procedurally erred by first determining and imposing the sentence, and then calculating the correct Guidelines range. *See, e.g.*, *Peugh v. United States*, 569 U.S. 530, 541 (2013) ("[D]istrict courts *must* begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process.") (internal quotations omitted). We review the district court's sentencing procedure for plain error because Gallegos-Lopez failed to preserve the issue properly at the sentencing hearing. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). On this record, we conclude that there is none. Gallegos-Lopez informed the court at the start of the hearing that the parties agreed upon the Guidelines range, and the court noted both that it had reviewed the sentencing memoranda and that there were no objections to the presentence report. Further, the court's discussion of the 18 U.S.C. § 3553(a) sentencing factors throughout the hearing demonstrates that it was considering whether and why to vary from the agreed-upon Guidelines range. Thus, despite the district court's failure to calculate the Guidelines range at the outset of the hearing, the record reflects that it was aware of the range and had the correct range in mind throughout the proceeding.

To the extent Gallegos-Lopez also challenges the substantive reasonableness of his sentence, we conclude the district court did not abuse its discretion. *See*

2                                                                                         17-50420

*United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). The record reflects a rational and meaningful consideration of the section 3553(a) factors, and the totality of the circumstances support the sentence. *See Autery*, 555 F.3d at 878.

Contrary to Gallegos-Lopez's contention, the district court did not err when it refused to recommend Gallegos-Lopez serve his sentence at a prison with a "drop-out" facility. *See* 18 U.S.C. § 3621(b) (recommendations by sentencing court to BOP are non-binding). However, we agree with Gallegos-Lopez, and the government concedes, that the case should be remanded because the court added three non-standard conditions of supervised release to the sentence after the sentencing hearing without notice to Gallegos-Lopez. *See United States v. Napier*, 463 F.3d 1040, 1042–43 (9th Cir. 2006). We thus remand and instruct the district court to strike conditions 4, 7, and 8 from the written judgment. *See United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993) (where there is a direct conflict between the oral pronouncement and the written judgment, remedy is remand to the district court to make the written judgment consistent with the oral pronouncement).

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

17-50420