NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Appellee,<br><br>　v.<br><br>AIMAN ALEXANDER ATABA, AKA Aiman Wajih Alatabeh, AKA Francisco Esparza Plascencia,<br><br>　　　　Defendant-Appellant. | No.　18-50231<br><br>D.C. No.<br>8:17-cr-00024-DOC-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted March 6, 2020[**]
Pasadena, California

Before: HURWITZ and FRIEDLAND, Circuit Judges, and KORMAN,[***] District Judge.

Aiman Ataba was convicted of eight counts of mail fraud (18 U.S.C. § 1341)

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]　The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

and three counts of money laundering (18 U.S.C. § 1957(a)). He was sentenced to 41 months in prison, followed by three years of supervised release. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and affirm the conviction and sentence, but remand for the district court to correct a clerical error in the judgment.

1. The district court did not abuse its discretion in allowing lay testimony by an investigating Federal Bureau of Investigation agent that (i) large, frequent cash withdrawals and repeated purchases at outlets such as Yogurt Passion are unusual for legitimate businesses, (ii) multiple bank accounts are common in fraudulent schemes, and (iii) certain of Ataba's statements on the call with the victim were "important" to the agent in determining "whether this is fraud." These opinions are "common enough and require such a limited amount of expertise" to "be deemed lay witness opinion." *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1245 (9th Cir. 1997) (quoting *United States v. VonWillie*, 59 F.3d 922, 929 (9th Cir. 1995)).

The district court also did not abuse its discretion by admitting the agent's statement that "often when people withdraw 10,000 cash. They don't wanna be reported." Although this statement required some specialized knowledge, it was a single opinion "on [a] very limited issue[]." *Id.* In any event, the agent's testimony made clear that he was qualified to provide expert testimony on this subject. *See id.* at 1246-47; *see also United States v. Gadson*, 763 F.3d 1189, 1212 (9th Cir. 2014).

2

It was also not plain error for the district court to allow the agent's unchallenged statement that Ataba was using the victim's money as a "personal piggy bank." This is just another way of saying that most of the spending from the bank account into which the victim's checks were deposited went toward Ataba's personal expenses, and, an opinion on what expenses are likely personal requires "such a limited amount" of expertise to "be deemed lay witness opinion." *Figueroa-Lopez*, 125 F.3d at 1245 (quoting *VonWillie*, 59 F.3d at 929).

Finally, even assuming that the agent's unchallenged statement that he was "convinced" this was a fraud case was objectionable, the district court did not plainly err by failing to exclude the statement. *See Gadson*, 763 F.3d at 1203 (standard of review). "The government did not rely on the comment in its arguments to the jury," *id*. at 1213-14 & n.11, and the "remainder of the evidence" "sufficiently supports" Ataba's convictions, *United States v. Gomez-Osorio*, 957 F.2d 636, 642 (9th Cir. 1992).

2.    The district court did not plainly err when sentencing Ataba. The court "listened to" Ataba's arguments, "stated that it had reviewed the criteria set forth in" 18 U.S.C. § 3553(a), and "imposed a sentence within the Guidelines range." *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

3.    The parties agree that the judgment contains a clerical error. It states that Ataba was convicted of eleven counts of violating 18 U.S.C. § 1343, but Ataba

3

was convicted of eight counts of violating 18 U.S.C. § 1341 and three counts of violating 18 U.S.C. §1957(a).  We remand to the district court to enter a corrected judgment.  *See United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000).

**AFFIRMED IN PART and REMANDED IN PART.**