NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10325 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00246-MCE-1 |
| v. | |
| KEVIN DUANE HICKMAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted August 5, 2020**

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Kevin Duane Hickman appeals from the district court's judgment and

challenges the 24-month sentence imposed upon the second revocation of his

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hickman contends that the district court procedurally erred by relying on

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

improper sentencing factors under 18 U.S.C. § 3553(a), namely, the seriousness of his new criminal conduct and the need to promote respect for the law. We review unpreserved claims of procedural error for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court's explanation reflects that it permissibly considered Hickman's ongoing poor performance on supervised release, which had been revoked once before, and mentioned his new offenses in connection with its consideration of Hickman's significant criminal history. *See United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (district court may consider the seriousness of the offenses underlying the revocation "to a lesser degree as part of the criminal history of the violator").

Hickman also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion by imposing the within-Guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including, as the district court highlighted, Hickman's criminal history and performance on supervision. *See Gall*, 552 U.S. at 51; *Simtob*, 485 F.3d at 1062-63.

**AFFIRMED.**

19-10325