NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50118 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-05277-LAB-1 |
| v. | |
| JOSE ROBERTO GOMEZ-ARIAS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 2, 2020**

Before: WALLACE, CLIFTON, and BRESS, Circuit Judges.

Jose Roberto Gomez-Arias appeals from the district court's judgment and

challenges the 12-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Gomez-Arias first contends that the district court erred by failing to address sufficiently his arguments for a downward variance in light of COVID-19, and by failing to grant the variance. The court did not plainly err in explaining why it rejected Gomez-Arias's request for a variance. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The record reflects that the court considered Gomez-Arias's arguments in favor of a time-served sentence, including his arguments concerning COVID-19, but was not persuaded by them. *See Rita v. United States*, 551 U.S. 338, 358 (2007). Moreover, the court did not abuse its discretion by declining to vary downward from the Guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 12-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Gomez-Arias's criminal and immigration history. *See Gall*, 552 U.S. at 51.

Gomez-Arias next argues that he is entitled to resentencing because an appearance of impropriety was created when neither the district judge, nor the prosecutor, disclosed during the sentencing hearing a forthcoming policy concerning COVID-19 and the prisons. We disagree. Gomez-Arias concedes that he can only speculate that the district judge and prosecutor in his case were aware of the forthcoming policy. Moreover, he can only speculate that, had the policy been known to him, he would have been able to convince the government to

recommend, and the district court to impose, a time-served sentence based on COVID-19, notwithstanding the lack of success he had with that argument at the sentencing hearing. On this record, Gomez-Arias has not shown an appearance of impropriety.[1] *See Martinez v. Ryan*, 926 F.3d 1215, 1226-27 (9th Cir. 2019) (appearance of impropriety cannot be shown through unfounded speculation).

The government's motion to strike certain portions of the excerpts of record and references to them in the briefing is granted. These materials were not part of the district court record, Gomez-Arias has not moved to make them part of the record on appeal, *see* Fed. R. App. P. 10(e), and they are not relevant to our disposition of the appeal.

**AFFIRMED.**

---

[1] In Gomez-Arias's reply brief, he argues for the first time that the non-disclosure of the policy by the district judge and prosecutor also violated his due process rights. This argument fails for the same reasons.