**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50033 |
| Plaintiff-Appellee, | D.C. No. 2:07-cr-00812-DSF-1 |
| v. | |
| CARLOS JONATHAN GONZALEZ BECERRA, AKA Carlos Jonathan Becerra, AKA Jonathan Becerra, AKA Carlos Jonathan Gonzalez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted December 2, 2020[**]

Before:      WALLACE, CLIFTON, and BRESS, Circuit Judges.

Carlos Jonathan Gonzalez Becerra appeals from the district court's judgment

and challenges the 18-month sentence imposed upon his second revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Becerra contends that the district court procedurally erred by referring to the wrong statutory maximum, failing to adequately explain the sentence, and improperly imposing the sentence in order to promote respect for the law. We review these claims for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none.

Even if the district court misstated the statutory maximum, the record makes clear that the court expressly relied on the correct Guidelines range and imposed the 18-month sentence because it believed that a shorter sentence would not be sufficient to sanction Becerra's multiple breaches of the court's trust or to protect the public and afford adequate deterrence. On this record, Becerra has not shown a reasonable probability that he would have received a different sentence had the district court stated the correct statutory maximum, or said more to explain the sentence or address his mitigating arguments. *See United States v. Christensen*, 732 F.3d 1094, 1101-02 (9th Cir. 2013). Finally, the record does not support Becerra's contention that the district court imposed the sentence primarily or solely to promote respect for the law. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

Becerra also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. Unites States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of

the 18 U.S.C. § 3583(e) factors and the totality of the circumstances. *See Gall*, 552

U.S. at 51.

**AFFIRMED.**