NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50332 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00410-PSG |
| v. | |
| CHARLES RAY MOORE, Jr., a.k.a. C.K. Mo, a.k.a. Lil Mo, a.k.a. Mo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted April 7, 2014[**]

Before:    TASHIMA, GRABER, and IKUTA, Circuit Judges.

Charles Ray Moore, Jr., appeals from the district court's judgment and

challenges the 180-month sentence imposed following his guilty-plea conviction

for conspiracy to distribute cocaine base in the form of crack cocaine, in violation

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of 21 U.S.C. § 846; and distribution of cocaine base in the form of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Moore contends that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to make findings regarding a factual dispute that Moore raised for the first time during the sentencing hearing. We review the district court's compliance with Rule 32 for plain error. *See United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013). We need not decide whether Moore's oral objection was sufficient to trigger the district court's obligation under Rule 32(i)(3)(B), or whether the court met any obligation that it had under that provision by adopting the presentence report, because Moore has not shown a reasonable probability that he would have received a different sentence absent the alleged error. *See id.* at 1101-02.

Moore also contends that the district court erred procedurally by failing to consider his mitigating arguments and explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record shows that the district court heard Moore's mitigation arguments and sufficiently explained the below-Guidelines sentence. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007).

**AFFIRMED.**

12-50332