**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50345 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-01205-LAB |
| v. | |
| BALDEMAR HERNANDEZ-ALVAREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Baldemar Hernandez-Alvarez appeals from the district court's judgment and

challenges the 119-month sentence imposed following his guilty-plea conviction

for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have

---

  [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hernandez-Alvarez contends that the district court erred by failing to use the Guidelines range as the starting point in its sentencing analysis. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court properly used the Guidelines range as the starting point in the sentencing process and kept the range in mind while weighing the 18 U.S.C. § 3553(a) factors. *See United States v. Autery*, 555 F.3d 864, 872 (9th Cir. 2009).

Hernandez-Alvarez also contends the sentence is substantively unreasonable because it resulted from the district court's abuse of discretion in denying a fast-track departure and because it is greater than necessary to accomplish the sentencing purposes set forth in section 3553(a). We do not review the district court's discretionary decision to decline a fast-track departure except as part of our review of the substantive reasonableness of the sentence. *See United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011). The above-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Hernandez-Alvarez's repeated immigration

violations and his failure to be deterred by prior sentences. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We find no abuse of discretion. *See id.*

**AFFIRMED.**