**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50005 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00574-JFW |
| v. | |
| JOSEPH LEE HEDDERICH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted July 22, 2014[**]

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Joseph Lee Hedderich appeals from the district court's judgment and

challenges the 144-month sentence, lifetime term of supervised release, and special

residency condition imposed following his guilty-plea conviction for use of a

facility of interstate commerce to attempt to induce a minor to engage in criminal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

sexual activity, in violation of 18 U.S.C. § 2422(b).  We have jurisdiction under 28 U.S.C. § 1291.  We affirm, but remand to correct a clerical error in the judgment.

Hedderich contends that the district court procedurally erred by failing to address his policy arguments.  We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none.  The record reflects that the district court considered Hedderich's policy-based arguments and was aware of its discretion to vary from the Guidelines.  *See United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011).

Hedderich next contends that the district court procedurally erred by failing to explain adequately its reasons for imposing a lifetime term of supervised release and special residency condition.  We also review this claim for plain error.  *See Valencia-Barragan*, 608 F.3d at 1108.  The record reflects that the court provided a detailed and thorough explanation of the sentence.  Though the court said little about the residency restriction, it did not plainly err in imposing it given that Hedderich agreed to it as part of his plea agreement and defense counsel conceded at sentencing that the condition was appropriate.

Finally, Hedderich contends that the 144-month sentence, lifetime term of supervised release, and special residency condition are substantively unreasonable.  The district court did not abuse its discretion in imposing Hedderich's sentence.

13-50005

*See Gall v. United States*, 552 U.S. 38, 51 (2007). The custodial sentence, lifetime term of supervised release, and residency condition are substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the nature of Hedderich's offense. *See id*.

We remand to the district court with instructions to amend the judgment to delete the reference to 18 U.S.C. § 2411(b) and replace it with 18 U.S.C. § 2422(b), the actual statute of conviction.

**AFFIRMED; REMANDED to correct the judgment.**

13-50005