**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10509 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-50115-RCC |
| v. | |
| SATURNINO VARGAS-RIVERA, a.k.a. Mariano Rivera, a.k.a. Saturnino Vargas, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Mark W. Bennett, District Judge, Presiding[**]

Submitted July 22, 2014[***]

Before: GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Saturnino Vargas-Rivera appeals from the district court's judgment and

challenges the 21-month sentence imposed upon revocation of supervised release.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Vargas-Rivera contends that the district court procedurally erred by basing his sentence primarily on the need for punishment and by failing to explain sufficiently the sentence imposed. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court properly based the sentence on the 18 U.S.C. § 3583 sentencing factors and did not base it primarily on the need to punish the new offense underlying the revocation or his criminal history. *United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007). The record also reflects that the court considered the evidence and arguments before imposing a sentence at the low end of the advisory Sentencing Guidelines range. Nothing more was required. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007). Moreover, the district court did not abuse its discretion in imposing the 21-month sentence in light of Vargas-Rivera's repeated illegal reentries and breach of the court's trust. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Simtob*, 485 F.3d at 1062-63 (at a revocation sentencing, the district court can sanction a violator for his breach of trust).

**AFFIRMED.**

13-10509