**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10591 |
| Plaintiff - Appellee, | D.C. No. 3:89-cr-00106-SRB |
| v. | |
| ELVIS DAVIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Mark W. Bennett, District Judge, Presiding[**]

Submitted August 13, 2014[***]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Elvis Davis appeals from the 42-month supervised release term imposed

upon revocation of supervised release.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Davis contends that the district court violated 18 U.S.C. § 3583(e) and the Guidelines policy statements by imposing the sentence for punitive purposes, and by placing undue weight on his criminal history. Contrary to Davis's contention, he had an opportunity to assert these objections in the district court and failed to do so. Our review, therefore, is for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and we find none.

The record reflects that the district court did not impose sentence on the basis of the contested revocation allegation. Although the court did consider Davis's original crime, it did so in the context of the section 3583(e) sentencing factors, and did not impose sentence for punitive purposes. *See United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (at a revocation sentencing, district court may consider the criminal history of the violator because section 3583(e) specifically directs courts to consider the history and characteristics of the defendant). Finally, the record does not support Davis's contention that the court placed undue weight on his criminal history in imposing the 42-month supervised release term.

**AFFIRMED.**