**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>EDGAR NEMECIO BARAJAS-ESPINOZA, AKA Edgar Barajas, AKA Edgar Nemecio Barajas-Espinoza,<br><br>Defendant - Appellant. | No. 13-10667<br><br>D.C. No. 4:13-cr-01232-RCC-JR-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Submitted March 12, 2015[**]
San Francisco, California

Before: WALLACE, M. SMITH, and WATFORD, Circuit Judges.

The district court correctly held that Edgar Nemecio Barajas-Espinoza's

prior conviction for rape of a child in the second degree, Wash. Rev. Code

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 9A.44.076(1), qualifies as a "crime of violence" under United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii).  In *United States v. Valencia-Barragan*, 608 F.3d 1103 (9th Cir. 2010), we held that "a conviction under section 9A.44.076(1) categorically constitutes sexual abuse of a minor under the first generic definition" of that offense and therefore qualifies as a "crime of violence."  *Id.* at 1107. Barajas-Espinoza points to no subsequent precedent that undermines *Valencia-Barragan*, which controls here.  As a result, the district court did not err by applying the 16-level enhancement.  U.S.S.G. § 2L1.2(b)(1)(A).

**AFFIRMED.**