**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

SEP 23 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50252 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00352-MWF |
| v. | |
| MELVIN FOSTER, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted September 21, 2015**

Before:    REINHARDT, LEAVY, and BERZON, Circuit Judges.

Melvin Foster appeals from the district court's judgment and challenges the

21-month sentence imposed upon revocation of supervised release.    We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Foster contends that the district court erred by failing to consider his

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.    See Fed. R. App. P. 34(a)(2).

sentencing arguments and by improperly focusing on the seriousness of his original offense and the offense underlying the revocation. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered Foster's arguments and did not base the sentence on any improper considerations. *See United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007).

Foster next contends that the district court erred by basing the sentence on clearly erroneous facts. Though the court incorrectly stated that Foster's underlying conviction was a Class A felony, Foster has not shown a reasonable probability that he would have received a different sentence absent the error. *See United States v. Christensen*, 732 F.3d 1094, 1101-02 (9th Cir. 2013). Moreover, to the extent that the district court relied on the government's sentencing argument in imposing the sentence, Foster has not shown that the government asserted any clearly erroneous facts.

Finally, Foster contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances,

including Foster's repeated breaches of the court's trust and the need to protect the

public.   *See Gall,* 552 U.S. at 51.

All pending motions are denied.

**AFFIRMED.**