FILED

**NOT FOR PUBLICATION**

SEP 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ALAN CRAIG RICHARDS,<br><br>Defendant - Appellant. | No. 14-50547<br><br>D.C. No. 2:05-cr-00070-GHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted September 21, 2015[**]

Before:     REINHARDT, LEAVY, and BERZON, Circuit Judges.

Alan Craig Richards appeals from the district court's judgment and

challenges the 36-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Richards contends that the district court erred by failing to address his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sentencing arguments and by improperly relying on the need to punish to impose sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the court considered Richards' arguments before imposing sentence but simply found them unpersuasive. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007). The record also reflects that the district court did not base the sentence primarily on the need to punish. *See United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007).

Richards next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Richards' sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 36-month sentence is substantively reasonable in light the of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Richards' breaches of the court's trust. *See Gall*, 552 U.S. at 51; *Simtob*, 485 F.3d at 1062-63 (at a revocation sentencing, the district court can sanction a violator for his breach of trust).

**AFFIRMED.**

14-50547