**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50128 |
| Plaintiff-Appellee, | D.C. No. 3:11-cr-01731-BEN |
| v. | |
| ADAM E. JACOVINO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted October 25, 2016[**]

Before: LEAVY, GRABER, and GOULD, Circuit Judges.

Adam E. Jacovino appeals from the district court's judgment and challenges

the 12-month sentence imposed upon his fourth revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Citing the district court's statement during a prior revocation hearing that any future violation of supervised release would result in a 12-month custodial sentence, Jacovino argues the district court should have granted his motion for recusal. We review the district court's denial of a recusal motion for abuse of discretion. *See United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012). The district court did not abuse its discretion in denying Jacovino's motion because the motion was unsupported by evidence that would cause "a reasonable person with knowledge of all the facts" to question the judge's impartiality. *See id.* (internal quotation marks omitted); *see also United States v. Rangel*, 697 F.3d 795, 804 (9th Cir. 2012) (judge's conduct during the course of the case does not provide a basis for recusal "except in the rarest of circumstances" (internal quotation marks omitted)).

Jacovino also contends that the district court procedurally erred by failing to consider the 18 U.S.C. § 3583(e) sentencing factors, instead basing the sentence exclusively on the promise made to him by the court at the third revocation hearing. Because Jacovino did not raise this objection before the district court, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). Contrary to Jacovino's argument, the record reflects that the district court considered the parties' arguments and the statutory sentencing factors

before imposing sentence.  The court imposed sentence on the basis of Jacovino's breach of the court's trust, a permissible sentencing factor.  *See United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (at a revocation sentencing, the court may sanction the violator for his breach of trust).

**AFFIRMED.**