**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10488 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00348-GMN |
| v. | |
| RICARDO DAVALOS-CASTILLO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted June 26, 2017**

Before:      PAEZ, BEA, and MURGUIA, Circuit Judges.

Ricardo Davalos-Castillo appeals from the district court's judgment and

challenges the 27-month custodial sentence and one-year term of supervised

release imposed following his guilty-plea conviction for being a deported alien

found unlawfully in the United States, in violation of 8 U.S.C. § 1326.  We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Davalos-Castillo contends that the district court procedurally erred by relying on clearly erroneous facts regarding his likelihood of reentering the United States and his criminal history. He also contends that the court failed to calculate the applicable Guidelines range for his supervised release term and erroneously believed that the Guidelines recommended imposition of a term of supervised release. We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The court's factual findings and inferences were supported by the record. Moreover, the record reflects that the court adopted the presentence report's calculation of the Guidelines range for supervised release and understood that the Guidelines recommend against imposition of supervised release for a deportable alien.

Davalos-Castillo also contends that his sentence is substantively unreasonable in light of the pre-indictment delay, his cultural assimilation, and other mitigating factors. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 27-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Davalos-Castillo's immigration and criminal history. *See Gall*, 552 U.S. at 51. Furthermore, the term of supervised release is

substantively reasonable in light of the need for deterrence. *See* U.S.S.G. § 5D1.1 cmt. n.5; *United States v. Valdavinos-Torres*, 704 F.3d 679, 693 (9th Cir. 2012).

**AFFIRMED.**