**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30030 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00031-JLQ |
| v. | |
| FLOYD DEAN BEST, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, District Judge, Presiding

Submitted June 26, 2017**

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

Floyd Dean Best, Jr., appeals from the district court's judgment and

challenges the ten-year term of supervised release imposed following his guilty-

plea conviction for conspiracy to distribute 50 grams or more of a

methamphetamine mixture or substance, in violation of 21 U.S.C. §§ 841(a)(1),

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(b)(1)(B) and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Best contends that the district court impermissibly imposed the term of supervised release to punish him. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that the district court did not plainly err. Contrary to Best's contention, the record reflects that the district court properly based the term of supervised release on Best's history and characteristics, as well as the need for deterrence, and did not rely on any improper factors. *See* 18 U.S.C. § 3583(c).

Moreover, the ten-year term of supervised release is substantively reasonable in light of the 18 U.S.C. § 3583(c) factors and the totality of the circumstances, including the need to deter Best from future criminal conduct. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**