**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff-Appellee,<br><br>v.<br><br>MICHAEL DUANE HUMBURGS,<br><br>      Defendant-Appellant. | No.   17-30143<br><br>D.C. No. 3:16-cr-05247-RBL<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted May 15, 2018**

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Michael Duane Humburgs appeals from the district court's judgment and challenges the 72-month sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Humburgs's request for oral argument is therefore denied.

Humburgs contends that the district court procedurally erred by failing to notify him that it might vary upward, and by imposing sentence in reliance on the allegedly unsupported finding that he is dangerous. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court was not required to give advance notice of its intent to impose an above-Guidelines sentence, *see United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013), and it gave Humburgs a meaningful opportunity to contest the variance. Moreover, the district court's finding that Humburgs was dangerous was supported by his admission to possessing a stolen handgun affixed with a laser sight and loaded with an extended magazine, as well as his 1995 assault conviction, despite its remoteness in time.

Humburgs also contends that his sentence is substantively unreasonable because it rested on the 1995 assault conviction and a finding that he was dangerous, and because his sentence was higher than those of his co-defendants. The district court did not abuse its discretion in imposing Humburgs's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Humburgs's co-defendants did not plead to the same charge as Humburgs; therefore, there is no basis to conclude that any sentencing disparity is unwarranted. *See United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of

the circumstances, including the seriousness of Humburgs's criminal history and the nature and circumstances of the offense. *See Gall*, 552 U.S.at 51.

**AFFIRMED.**