**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-10231 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-02040-CKJ |
| v. | |
| FERNANDO SANDOVAL-GARCIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted May 15, 2018[**]

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Fernando Sandoval-Garcia appeals from the district court's judgment and

challenges the 20-month sentence imposed following his guilty-plea conviction for

reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Sandoval-Garcia contends that the district court erred procedurally by varying upward without sufficiently explaining its reasons for doing so. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court noted Sandoval-Garcia's two prior felonies and concluded that the sentencing factors, including deterrence and promotion of respect for the law, warranted a variance.[1]

Sandoval-Garcia also contends that his above-Guidelines sentence is substantively unreasonable. He argues that the district court's upward variance was improper because it rested in part on a 2007 sexual-assault conviction, the details of which he alleges were insufficiently established by available documentation. The district court did not abuse its discretion in imposing Sandoval-Garcia's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court focused on the fact of the sexual-assault conviction itself, and discounted the importance of the particular details that Sandoval-Garcia alleges were inadequately documented. The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Sandoval-Garcia's criminal history. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

---

[1] We do not reach Sandoval-Garcia's argument that the district court did not provide sufficient grounds to support an upward departure because the record shows that the district court instead imposed a variance.

17-10231