**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50090 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00132-R |
| v. | MEMORANDUM* |
| JUAN ALBERTO BARRAGAN, a.k.a. Baby Face, a.k.a. Face, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted July 10, 2018**

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Juan Alberto Barragan appeals from the district court's judgment and

challenges a special condition of supervised release imposed upon revocation of

supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Barragan contends that the district court procedurally erred by failing to

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

explain adequately why it was imposing a condition of supervised release requiring inpatient substance-abuse treatment. We review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The district court did not plainly err because its reasons for imposing the condition are apparent from the record. *See United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008). Nor was it plain error to omit any specific duration for the treatment program. *See United States v. Dupas*, 419 F.3d 916, 924 (9th Cir. 2005) (district court did not plainly err in delegating decision to the probation officer where it was not clear under current law that the decision could not be delegated).

Finally, Barragan contends that the challenged condition is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The condition is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including Barragan's lack of success with outpatient drug treatment. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

18-50090