**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30050 |
| Plaintiff-Appellee, | D.C. No. 4:07-cr-00013-RRB-3 |
| v. | |
| NATHANIEL T. TERRELL, a.k.a. Nathaniel Tyson Terrell, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted December 17, 2018[*]

Before:     WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Nathaniel T. Terrell appeals from the district court's judgment and

challenges the consecutive 60-month sentence imposed following the revocation of

his supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Terrell contends that the district court procedurally erred by impermissibly considering the severity of the offense underlying his revocation in imposing the sentence. We review this contention for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. Contrary to Terrell's contention, the district court did not base the revocation sentence solely or primarily on the severity of Terrell's state manslaughter conviction. Rather, the district court properly considered the nature of his violation in connection with its evaluation of the 18 U.S.C. § 3583(e) factors in fashioning the sentence. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

Terrell also contends that the sentence is substantively unreasonable in light of his efforts at rehabilitation while on supervised release and the lack of prior violations. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 60-month sentence is substantively reasonable in light of the section 3583(e) factors and the totality of the circumstances, including Terrell's criminal history, the need to protect the public and deter future criminal activity, and his serious breach of the court's trust. *See Gall*, 552 U.S. at 51; *Simtob*, 485 F.3d at 1063.

**AFFIRMED.**

18-30050