**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-30036 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00134-JLR |
| v. | |
| STEVEN MARC RIGTRUP, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Steven Marc Rigtrup appeals from the district court's judgment and

challenges the 18-year sentence imposed following his guilty-plea conviction for

enticement of a minor, in violation of 18 U.S.C. § 2422(b), and production,

possession, and distribution of depictions of minors engaged in sexually explicit

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conduct, in violation of 18 U.S.C. §§ 2251(a), (e) and 2252(a)(2), (a)(4)(B), (b)(1), (b)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rigtrup first contends that the district court procedurally erred by failing to give meaningful consideration to each of the 18 U.S.C. § 3553(a) sentencing factors, instead relying solely on the seriousness of the offense and the need to promote respect for the law. He also argues that the district court erred by failing to address his mitigating arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court explicitly acknowledged and considered each of the sentencing factors, as well as Rigtrup's mitigating arguments, but was not persuaded that they warranted a lower sentence.

Rigtrup also argues that his sentence is substantively unreasonable in light of the statutory objectives of sentencing, and his mitigating circumstances and need for treatment. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 18-year sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the seriousness of the offense, the impact on the victims, the risk of recidivism, and the need to protect the public. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

18-30036