**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-50093 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00410-JLS-1 |
| v. | |
| FERDINAND ONIA MATI, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted February 19, 2019[**]

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Ferdinand Onia Mati, Jr., appeals from the district court's judgment and challenges the 13-month sentence and several conditions of supervised release imposed following his guilty-plea conviction for conspiracy, in violation of 18 U.S.C. § 371.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm, in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

part, and remand with instructions.

Mati first contends that the district court failed to consider his mitigating arguments. We review this procedural argument for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. It is clear from the record that the district court considered Mati's written submissions, the arguments he made at the sentencing hearing, and the facts detailed in the presentence investigation report, but was not persuaded that they warranted a lower sentence.

Furthermore, the district court did not abuse its discretion by imposing a within-Guidelines 13-month sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Contrary to Mati's contention that the sentence does not reflect adequately his mitigating arguments or the need to avoid unwarranted sentencing disparities, the sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

Finally, Mati challenges the standard supervised release conditions 5, 6, and 14. As the government concedes, those standard supervised release conditions are unconstitutionally vague. *See United States v. Evans*, 883 F.3d 1154, 1162-64 (9th Cir.), *cert. denied*, 139 S. Ct. 133 (2018). We remand for the district court to modify the conditions consistent with our opinion in *Evans*.

**AFFIRMED in part; REMANDED with instructions.**

18-50093