NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50249 |
| Plaintiff-Appellee, | D.C. No. 8:13-cr-00034-AG-1 |
| v. | |
| JOSE SANTIAGO RIVERA VALLE, AKA Jose Santiago Rivera, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted January 8, 2020**

Before:    CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Jose Santiago Rivera Valle appeals from the district court's judgment and

challenges the 13-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Valle contends that the district court procedurally erred by failing to

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

consider his mitigating arguments and relying on a clearly erroneous fact regarding his criminal history. The district court did not plainly err. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The record shows that the district court considered Valle's arguments for a shorter sentence and expressly discussed some of them. The court was not required to address specifically each of Valle's arguments. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007). The record does not show that the district court relied on a clearly erroneous fact when, in the course of explaining the basis for the sentence, it stated that past periods of incarceration had not fully deterred Valle and protected the community from his criminal activity. *See United States v. Christensen*, 828 F.3d 763, 816 (9th Cir. 2016) (stating standard).

Valle also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Valle's immigration and criminal history. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

2                                                                    19-50249