**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30194 |
| Plaintiff-Appellee, | D.C. No. 3:04-cr-00125-RRB-MMS-1 |
| v. | |
| NAI CHING SAELEE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted January 19, 2022**

Before:     SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Nai Ching Saelee appeals from the district court's judgment and challenges the 6-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Saelee contends that the district court impermissibly imposed the sentence to

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

punish him for his violation conduct. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. Though the court commented that Saelee would "pay the price" for his "inappropriate conduct," the record as a whole reflects that the court imposed the sentence primarily to sanction Saelee's repeated breaches of the court's trust and in light of the court's concerns regarding recidivism. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007) (primary purpose of a revocation sentence is to sanction the defendant's breach of the court's trust but the court can also consider the seriousness of the violation conduct as part of its review of the defendant's criminal history and propensity for recidivism).

**AFFIRMED.**

2